UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANIEL DAVID BEGEJ,

    Plaintiff,

        v.                                        No. 3:14-cv-1284(WIG)

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.
_____X

## RULING ON MOTION FOR ATTORNEY'S FEES

Now before the Court is a motion for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), by Plaintiff's counsel, Charles E. Binder. [Doc. # 19]. The motion seeks an award of fees in the amount of $33,000.00. The Commissioner has filed a response to the motion, not objecting to an award of fees, but suggesting that the amount requested may be a windfall. [Doc. # 20]. For the reasons set forth below, the motion is granted.

### Background

Plaintiff applied for disability benefits on August 2, 2012, alleging he had been disabled as of January 1, 2009. His application was denied at all levels of Social Security Administration ("SSA") review. On August 8, 2014, Plaintiff signed a retainer agreement authorizing The Law Offices of Charles E. Binder and Harry J. Binder, LLP ("Binder") to appeal the denial of benefits to this Court. The retainer agreement provided that if Plaintiff's case is remanded to the SSA, and, upon remand, Plaintiff is awarded past due benefits, Plaintiff will pay Binder up to twenty-five percent of any award of past due benefits. On March 20, 2015, this Court issued an order

1

remanding the case for further administrative proceedings. Based on the successful district court appeal, Plaintiff was awarded attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,914.43. Upon remand to the SSA, a second hearing was held before an administrative law judge ("ALJ"). This hearing resulted in an unfavorable decision, which Plaintiff appealed to the Appeals Council. In an order dated January 3, 2018, the Appeals Council remanded Plaintiff's claim for a new ALJ hearing and decision. On December 28, 2018, the ALJ issued a fully favorable decision, finding Plaintiff disabled as of January 1, 2009. The SSA awarded past due benefits to Plaintiff on February 11, 2019. Binder now moves for an award of attorney's fees in the amount of $33,000.00, which represents 17.08% of the retroactive benefits Plaintiff was awarded.

## Discussion

Section 406(b) of the Social Security Act permits the court to award reasonable attorney's fees to a successful claimant's attorney, provided those fees do not exceed twenty-five percent (25%) of the amount of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *see also Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *Wells v. Sullivan,* 907 F.2d 367, 370 (2d Cir. 1990). In reviewing a request for fees under § 406(b), "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells,* 907 F.2d at 371. Even where, as here, the requested fee does not exceed the twenty-five percent upper limit, the attorney "must show that the fee sought is reasonable for the services rendered." *Gisbrech,* 535 U.S. at 807. Thus, § 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, §

406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09.

In determining reasonableness, the court "must begin with the agreement, and … may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells,* 907 F.2d at 371. Courts consider several factors in determining the reasonableness of a fee under § 406(b), including "1) whether the requested fee is out of line with the 'character of the representation and the results the representation achieved;' 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether 'the benefits awarded are large in comparison to the amount of time counsel spent on the case,' the so-called 'windfall' factor." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).

The Court finds the fee requested to be reasonable. First, there is no suggestion the fee is out of line with the character of the litigation or the results achieved. Nor is there any suggestion Binder unreasonably delayed the proceedings in any way. Rather, Binder achieved success in reversing the SSA's decision and obtaining benefits for Plaintiff in a case involving three ALJ hearings and an appeal before this Court. Accordingly, the Court must determine whether an award of the fee requested would amount to a windfall for Binder.

When determining whether an award of attorney's fees constitutes a windfall, court consider factors such as "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled

efficiently due to the attorney's experience in handling social security cases." *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018) (quoting *Blizzard v. Astrue*, 496 F.Supp.2d 320, 323 (S.D.N.Y. 2007).

Application of these factors weigh in favor of the fee request. There is no dispute Binder secured a favorable result for Plaintiff. Plaintiff was ultimately found disabled as of his original alleged disability onset date and was awarded past-due benefits accordingly. Binder's submissions to the Court have not been rote recitations of law, but have instead focused on applying relevant facts to the facts germane to the issues on appeal. Furthermore, the attorneys handling Plaintiff's case have significant experience representing claimants exclusively in the area of Social Security disability at both the administrative and federal court levels. Having reviewed the attorneys' itemization of time spent on this case, the Court finds the case was handled efficiently, likely because of the expertise of the lawyers involved.

Finally, considering the quality of results achieved, and the effectiveness of counsel, the hourly rate of fees requested here is reasonable. In assessing the effective hourly rate an award would produce, "courts [must be] mindful that deference should be given to the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate and of an attorney's willingness to take the case despite the risk of nonpayment." *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (citation omitted) (internal quotations marks omitted). "Accordingly, a reduction in the agreed-upon contingency amount should not be made lightly, particularly given the importance of encouraging attorneys to accept social security cases on a contingency basis." *Id.* (citations omitted) (internal quotations marks omitted). In this case, Binder estimates that the requested fee award would result in a *de facto* hourly rate of approximately $1,289.06. While on the higher side, courts within this Circuit have

held that similar *de facto* hourly rates are not a windfall to Plaintiff's counsel. *See id.* (hourly rate of $1,079.72 reasonable); *Nieves v. Colvin*, No. 13CIV1439WHPGWG, 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017), *report and recommendation adopted,* No. 13CV1439, 2018 WL 565720 (S.D.N.Y. Jan. 24, 2018) (hourly rate of $1,009.11 reasonable); *Kazanjian v. Astrue*, No. 09 CIV. 3678 BMC, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (hourly rate of $2,100 reasonable); *Eric K. v. Berryhill*, No. 5:15-CV-00845 (BKS), 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) (hourly rate of $1,500 reasonable).

In sum, the Court concludes the award of attorney's fees sought is reasonable in this case and does not constitute a windfall to counsel.

## **Conclusion**

For the foregoing reasons, Binder's motion for $33,000.00 in attorney's fees is granted, provided that Binder refunds to Plaintiff the amount of the EAJA award previously received. *See Rodriguez v. Colvin*, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) ("Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee.").

SO ORDERED, this  21st  day of May, 2019, at Bridgeport, Connecticut.

 */s/ William I. Garfinkel*  
 WILLIAM I. GARFINKEL  
 United States Magistrate Judge

5